FILED
SUPERIOR COURT
OF GUAM

2025 AUG 11 PM 2: 20

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| RON HOCOG and TIFFANY HOCOG, | **CIVIL CASE NO. <u>CV0140-25</u>** |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER GRANTING DEFENDANT DR. MARIANA COOK-HUYNH'S MOTION TO DISMISS** |
| DR. MARIANA COOK-HUYNH, GUAM MEMORIAL HOSPITAL AUTHORITY and DOES 1-20, | |
| Defendants. | |

In this action alleging medical malpractice, Defendant Dr. Mariana Cook-Huynh seeks dismissal based on Plaintiffs Ron and Tiffany Hocog's alleged failure to serve a demand for arbitration. The Court determines that the Hocogs were required to effectuate personal service, and in failing to do so, failed to timely commence their action. The Court thus GRANTS Dr. Cook-Huynh's motion and dismisses her from this action.

In addition to addressing the dispositive procedural aspects of this case, the Court herein raises concerns relative to the unethical conduct of the Hocogs' attorney, Mark Smith, Esq.

## I.    <u>PROCEDURAL AND FACTUAL BACKGROUND</u>

The Hocogs brought this action against Dr. Cook-Huynh, Guam Memorial Hospital, and Does 1-20 for injuries and damages they allege arose from Tiffany Hocog's admission to GMH on February 27, 2024. Pls.'s Compl. at 1, 3 (Feb. 26, 2025). The Hocogs allege medical malpractice, wrongful death, personal injury, negligent infliction of emotional distress, gross negligence, failure to obtain proper informed consent, loss of chance, and loss of consortium. *Id.* at 5-10. They also allege negligent hiring, training, or supervision against GMH. *Id.* at 9.

ORIGINAL

Dr. Cook-Huynh moved to dismiss, arguing that the court lacks subject matter jurisdiction, the Plaintiffs' claims are barred by the statute of limitations, and that two of the Plaintiffs' claims are not recognized by Guam courts. Def.'s Mot. Dismiss at 1 (May 14, 2025). Relative to jurisdiction, Dr. Cook-Huynh declares she was never served personally, nor was a demand for arbitration left at her home. Cook-Hyunh Decl. at 1-2 (May 14, 2025). Instead, the demand was left with her office manager, Corine Ricalde-Blas, on February 20, 2025. Sablan Decl. at 2 (June 11, 2025). Also, Ricalde-Blas attests in her declaration that she is not authorized to receive service for Dr. Cook-Huynh, nor did she represent that she was authorized. Ricalde-Blas Second Decl. at 1-2 (May 14, 2025).

In their opposition, the Hocogs argue that they have complied with the requirements in 10 GCA Chapter 10, the Medical Malpractice Mandatory Arbitration Act (MMMA), and that Dr. Cook-Huynh waived any rights under the MMMA by refusing to consent to arbitration. Pls.' Opp'n at 2-3 (June 11, 2025). The Hocogs' process server, David Sablan, attests that Ms. Ricalde-Blas "represented that she was authorized to accept documents on behalf of Dr. Mariana Cook-Huynh" and that she was an authorized agent for Dr. Cook-Huynh. Sablan Decl. at 2-3. The Hocogs additionally assert that they mailed a copy of the demand to the Defendants.[1]

## II.    <u>LAW AND DISCUSSION</u>

### A.    Dr. Cook-Huynh was not properly served.

Any claim involving a patient and a health care professional "shall be submitted to mandatory arbitration" under the MMMA. 10 GCA § 10102. "Arbitration is initiated by a

---

[1] The American Arbitration Association closed the Hocogs' arbitration demand, concluding it did not have the authority to administer the dispute under the consumer rules. Decl. Anita Arriola, Ex. D (May 14, 2025). Dr. Cook-Huynh contends this occurred because the Hocogs filed the wrong arbitration demand form.

ORIGINAL

petitioner or petitioners serving a written demand for arbitration upon a respondent or respondents in the same manner provided by law for the service of summons in the Superior Court of Guam..." 10 GCA §10103. Thus, if the Hocogs did not follow Guam law and rules to serve the Defendants with the written demand for arbitration properly, arbitration was not initiated. The burden to demonstrate proper service falls on the Hocogs. *Fuqua v. Turner*, 996 F.3d 1140, 1156 (11th Cir. 2021).

Guam law requires personal service on individual defendants. 7 GCA § 14105(g). Guam Rule of Civil Procedure 4 elaborates on this process: an individual may be served by delivering a copy of the summons and the complaint to the individual personally, by leaving a copy at the individual's home with someone of suitable age and discretion who resides there, or by delivering a copy to an agent authorized by appointment or law to receive service of process. GRCP 4(e)(2). Attorney Smith argues that Guam follows a liberal notice pleading standard, implying that the Court can construe service requirements liberally, however, this standard of pleading relates to the contents of a pleading—not the timeliness of a claim. *See Ukau v. Wang,* 2016 Guam 26 ¶¶ 22-33 (describing a liberal, notice pleading requirement, meaning a pleading may make a short and plain statement of a claim).

In contrast, the Guam Supreme Court has explicitly "adopted a rule of strict compliance with statutory service requirements". *Pineda v. Pineda,* 2005 Guam 10 ¶ 18. This means that statutory service requirements, specifically the requirements that Dr. Cook-Huynh be served personally or an agent authorized by appointment or law to receive service of process *must* be strictly complied with. This Court abides by the strict service compliance standards expressly stated by the Guam Supreme Court.

It is undisputed that Dr. Cook-Huynh did not receive the arbitration demand personally or

ORIGINAL

at her home. The Hocogs contend that service upon Dr. Cook-Huynh was accomplished through her assistant and under the doctrine of apparent authority; however, that concept applies to service on corporations, not individuals. Pls.' Opp'n at 11; *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Dr. Cook-Huynh is named in her personal and individual capacity; thus, arguments relative to apparent authority do not apply. This means that the argument that Ms. Ricalde-Blas had apparent authority to accept service fails. Additionally, Ms. Ricalde-Blas was not identified as Dr. Cook-Huynh's agent through appointment or law, making the later section of Rule 4 inapplicable as well.

The Hocogs further argue that Dr. Cook-Huynh was served by mail; however, service by mail is not an authorized service method for a private individual within Guam or the United States under the Guam Rules. *See* GRCP 4. Considering these facts and the Guam Supreme Court's strict adherence standards for service, the Court concludes that Dr. Cook-Huynh was not properly served. Moreover, because service of the demand was not accomplished under Rule 4, the Hocogs did not initiate arbitration as required under Guam law.

**B.      There was no waiver of compliance with the Mandatory Medical Malpractice Arbitration Act.**

Next, the Hocogs claim that Dr. Cook-Huynh has waived the right to arbitrate under the MMMA because she failed to act or affirmatively participate in the arbitration process. Pls.' Opp'n at 4. They argue that Dr. Cook-Huynh's inaction "reflects a complete relinquishment of any purported right to demand compliance with the arbitration process under the MMMA." *Id.*

The MMMA addresses waiver: "Any party who proceeds with arbitration after knowledge that any provision of this chapter has not been complied with and fails to state his objections thereto in writing shall be deemed to have waived his right to object." 10 GCA §



10129. In reviewing the statute, the Court looks at the plain language of the statute, looking at the statute as a whole. *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 6. Section 10129 must be read in conjunction with other provisions, including the statutory deadline for a respondent's response, which must occur "after service of a demand for arbitration." 10 GCA § 10104. If a respondent fails to respond to a demand for arbitration within 20 days of service, "then the petitioner or petitioners may proceed in default to appoint an arbitration panel pursuant to § 10108 of this Chapter." 10 GCA § 10104.

This issue again relates back to the fact that Dr. Cook-Huynh was not adequately served with process. The statutory provision on waiver covers the conduct of a party who proceeds with arbitration despite knowing that there was noncompliance with the MMMA. That did not occur here as the Hocogs have not demonstrated that Dr. Cook-Huynh engaged in the arbitration proceedings after successful service. In order for Dr. Cook-Huynh to have waived compliance, she must have first been adequately served and then proceeded with the arbitration process. The Hocogs point to Dr. Cook-Huynh's attorney being the recipient of correspondence from the AAA; however, that in itself does not demonstrate that Dr. Cook-Huynh proceeded with the arbitration of this dispute.

Proper service of the demand remains the lynchpin in this case. Without strict compliance with Rule 4's service requirements, the Court cannot impute knowledge of these proceedings upon Dr. Cook-Huynh. Again, the Court is tied to abiding by the requisite strict adherence standard and cannot find that service was effectuated correctly. Without this, the Hocogs' argument collapses.

C.      **The statute of limitations has expired.**

According to 7 GCA §11308, "an action to recover damages for injuries to the person

ORIGINAL

arising from any medical, surgical or dental treatment, omission or operation shall be commenced with one (1) year from the date when the injury is first discovered..." The Hocogs state that their claims arose from the delivery of their son on February 27-28, 2024. Pls.' Opp'n at 7. Dr. Cook-Huynh states in her motion to dismiss that the statute of limitations began on February 27, 2024. Def.'s Mot. Dismiss at 8. Per the one-year statute of limitations, the Hocogs' claims would expire on February 27, 2025. This means that if Defendant Dr. Cook-Huynh was not properly served before February 27, 2025, the statute of limitations has expired.

According to 10 GCA §10105, "a claim shall be waived and forever barred as against a respondent if on the date the demand is served the applicable statute of limitations would bar the claim." 10 GCA §10105. Therefore, the Hocogs must have served the demand for arbitration before February 27, 2025, for the claim to still be valid. As just found, the demand was never served.

The Court recognizes the implications of this determination. It understands that this presents the Hocogs with the inability to litigate their claims. While the Court can sympathize with the Hocogs, it cannot waive the requirement of proper service.

### D. Attorney Smith is warned to adhere with the Guam Rules of Professional Conduct.

Under the Guam Rules of Professional Conduct, a lawyer has duties of competence and diligence when representing their clients. *See* Guam R. Prof'l Conduct 1.1, 1.3. The duty of competence requires a lawyer to exercise the "legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." The duty of diligence requires a lawyer to act "with reasonable diligence and promptness in representing a client."

Attorney Smith made no less than eleven erroneous citations in his Opposition brief.

These amount to a violation of his ethical responsibilities, and have wasted this Court's time and resources, not to mention that of his clients. The Court found at least three instances of Attorney Smith citing incorrect statutes or cases, six instances of providing quotations that did not exist in the cases he cited, three instances of misstating a statute or holding of a case, and one instance of citing to a case that does not exist. More specifically, Attorney Smith made the following misstatements in his Opposition:

- "Additionally, under 7 GCA § 10105, failure to arbitrate does not automatically extinguish the cause of action." Pls.' Opp'n at 5. However, 7 GCA § 10105 does not exist. The Court recognizes Attorney Smith could be referencing 10 GCA § 10105.

- "'A defendant cannot invoke a statutory prerequisite to shield itself from litigation while simultaneously refusing to participate in that very process.' *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2005)." Pls.' Opp'n at 5. This quote cannot be found in the case cited.

- "An employer who imposes arbitration as a condition of employment, represents to employees that arbitration is their only recourse, and then refuses to arbitrate when the employee attempts to do so have waived its right to compel arbitration." Pls.' Opp'n at 5 (citing *Brown*, 430 F.3d 1004). This quote cannot be found in the case cited.

- "As held in *Brown v. Dillard's, Inc.*, . . .: 'A party cannot rely on arbitration to bar litigation while refusing to participate in arbitration.'" Pls.' Opp'n at 6. This quote cannot be found in the case cited.

- "*Westcon Construction Corp. v. County of Sacramento*, 152 Cal. App. 4th 183 (2007): 'The doctrine of substantial compliance is an equitable doctrine that excuses technical imperfections in compliance with a statute when the purpose of the statute is nonetheless fulfilled. It is not intended to defeat actions but to avoid forfeitures, and it will be applied only where there is actual compliance in respect to the substance essential to every reasonable objective of the statute.' (*Westcon*, 152 Cal. App. 4th at 199.)" Pls.' Opp'n at 6, 7. This quote cannot be found in the case cited.

- "As the California Court of Appeal held: 'Where a statute requires pre-litigation alternative dispute resolution, courts have applied the doctrine of substantial compliance


ORIGINAL

so long as the statutory purpose has been met and the adverse party was not prejudiced.' -
*Diaz v. Bukey*, 195 Cal. App. 4th 315 (2001), review granted and dismissed, 262 P.3d 1007
(Cal. 2011)." Pls.' Opp'n at 7, 8. *Diaz* was vacated by the California Supreme Court in
*Diaz v. Bukey*, 287 P.3d 67 (Cal. 2012), which Attorney Smith fails to note. Moreover,
262 P.3d 1007 is the citation for an unrelated Hawaii criminal case.

- "'Dismissal is not warranted where the party seeking judicial relief has substantially
  complied with the administrative prerequisites and made a good faith effort to exhaust
  available remedies.' *Westcon Construction Corp. v. County of Sacramento*, 152 Cal. App.
  4th 183 (2007)." Pls.' Opp'n at 8. This quote cannot be found in the case cited.

- "In *Moylan v. Citizens Security Bank*, 2015 Guam 36, and *Lin SHR Construction Co. v.
  Acetown, Inc.*, 2023 Guam 18, the Guam Supreme Court recognized emotional distress
  and familial damages as compensable in tort." Pls.' Opp'n at 10. *Lin SHR Construction
  Co. v. Acetown, Inc.* is not a Guam Supreme Court case, it is a Superior Court case that
  was before Judge Terlaje. 2023 Guam 18 is the citation for an unrelated criminal case,
  *People v. Aldan*.

- "Under 7 GCA § 11306(a) and 11038(3), service of process may be made by delivering a
  copy of the Summons and Complaint to an agent authorized by appointment or by law to
  receive service of process." Pls.' Opp'n at 11. 7 GCA § 11306(a) sets the statute of
  limitations for "assault, battery, false imprisonment, seduction of a person below the age
  of legal consent, or for injury to, or for the death of, a person caused by the wrongful act
  or neglect of another;" it does not discuss service of process. 7 GCA § 11038(3) does not
  exist. 7 GCA § 11308 sets the statute of limitations for injuries arising from medical
  malpractice.

- "In *Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 383 (2d Cir. 1981), the
  court held that a principal is estopped from denying the authority of an agent when the
  principal permits the agent to appear to have such authority, and a third party reasonably
  relies on it." Pls.' Opp'n at 11. *Penthouse Int'l, Ltd.* does not discuss the issue of estoppel
  based on apparent authority.

- "In *In re Application of Santos*, 2001 Guam 1 ¶16, the Supreme Court of Guam
  emphasized that procedural rules must be applied to secure substantive justice." *Id.* at 13.
  2001 Guam 1 is a criminal case, *People v. Chargualaf*.

The Court is in the process of reviewing Attorney Smith's misconduct in his Opposition

and will take appropriate measures in a separate Order or proceeding.


ORIGINAL

## III.    <u>CONCLUSION AND ORDER</u>

The Hocogs fail to demonstrate that they served their arbitration demand upon Dr. Cook-Huynh in compliance with Guam law and Rule 4. Therefore, Dr. Cook-Huynh's motion to dismiss is GRANTED.[2] A Partial Judgment shall issue.

**SO ORDERED** this 11 August 2025.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Mark S. Smith, Esq., Law Offices of Mark S. Smith, P.C., for Plaintiffs Ron & Tiffany Hocog
Anita P. Arriola, Esq., Arriola Law Firm, LLC, for Defendant Dr. Mariana Cook-Huynh
Phillip Torres, Esq., Torres Law Group, for Defendant Guam Memorial Hospital Authority

---

[2] Having dismissed Dr. Cook-Huynh from this action, the Court declines to rule on other issues raised in her motion.